IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FARHAD MEHDIZADEH, | ) | |
| MARBLE BUILDER DIRECT | ) | |
| INTERNATIONAL, INC., JPMORGAN | ) | |
| CHASE BANK NATIONAL ASSOCIATION, | ) | |
| TREASURER OF CUYAHOGA COUNTY, | ) | |
| OHIO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403(a), and

with the authorization of a delegate of the Secretary of the Treasury and at the direction of a

delegate of the Attorney General of the United States, brings this civil action to obtain judgment

(1) against Defendant Farhad Mehdizadeh for unpaid federal income taxes; (2) against Marble

Builder Direct International, Inc., for corporate income and employment tax liabilities and for

penalties for filing inaccurate information returns; (3) against Farhad Mehdizadeh for the

corporation's liabilities under the veil-piercing or alter ego doctrines or as the transferee of

corporate funds subject to federal tax liens; (4) alternatively against Farhad Mehdizadeh for trust

fund recovery penalties; and (5) to enforce the associated tax liens against certain real properties

of Farhad Mehdizadeh.  For its complaint, the United States alleges as follows:

### Parties and Jurisdiction

1.  The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1340, and

1345, and 26 U.S.C. §§ 7402 and 7403.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) and 1396.

3. Defendant Farhad Mehdizadeh resides within the jurisdiction of this Court.

4. Defendant Marble Builder Direct International, Inc. ("MBDI") is a corporation organized under the laws of Ohio.  MBDI sells and installs marble counter-tops and other marble products.

5. Farhad Mehdizadeh is the president, sole shareholder, and manager of MBDI.

6. Defendant JP Morgan Chase Bank, National Association is joined as a party to this action because it has or may have an interest in property identified in paragraph 8, below.

7. Defendant Treasurer of Cuyahoga County, Ohio is joined as a party to this action because it has or may have an interest in the properties identified in paragraph 8, below.

8. The two real properties at issue are referred to as the "Bremerton Property" and the "Clarence Property" (as defined momentarily, and together "the Properties").  The United States intends to seek a sale of the Bremerton Property first and then ascertain if the sale of the Clarence Property remains necessary or if alternative means of satisfying the unpaid balance of the judgment it seeks can be agreed upon.

(a) The Clarence Property is located at 1371 Clarence Avenue, Lakewood, Ohio 44107, which is permanent parcel number 312-31-050, and is more specifically described as:

Situated in the City of Lakewood, County of Cuyahoga and State of Ohio and known as being part of the Original Rockport Township Section No. 21 and being further bounded and described as follows:

Beginning in the Easterly line of Clarence Avenue, 40 feet wide, as dedicated in Volume 105 Page 27 of Cuyahoga County Map Records, at a point distant Northerly measured along said Easterly line of Clarence Avenue, 266 60/100 feet from the intersection of the said Easterly line of Clarence Avenue, with the Northerly line of Detroit Avenue, 66 feet wide;

Thence Easterly at right angles with the Easterly line of Clarence Avenue, a distance of 119 74/100 feet (inadvertently show as 199 74/100 in certain deeds of record) to a point, said point being the Westerly line of land conveyed to the Guardian Trust Company by deed recorded in Volume 4001, Page 177 of Cuyahoga Records;

Thence Southerly along said Westerly line of land so conveyed to the Guardian Trust Company, as aforesaid, 68 feet to a point;

2

Thence Westerly and parallel with Course #1 described, a distance of 119 69/100 feet to the Easterly line of Clarence Avenue, as aforesaid;

Thence Northerly along the said Easterly line of Clarence Avenue, 68 feet to the place of beginning, according to a survey made by the Bauer Survey Company, dated October 8, 1930, as appears by said plat.

(b)  The Bremerton Property is located at 3127 Bremerton Road, Pepper Pike, Ohio 44124,

which is parcel number 872-07-027, and more specifically described as:

Situated in the City of Pepper Pike, County of Cuyahoga and State of Ohio and known as being Sublot 218 in Van Sweringen Company's Bolingbrook Acres of a part of original Orange Township, Lot No. (s) 47, 48, 56, and 57, Tract No. 1 and part of original Orange Township Lot Nos. 7 and 9, Tract No. 2, as shown by the recorded plat of said Subdivision in Volume 140 of Maps, Page 3 of Cuyahoga County Records. As appears by said plat, be the same more or less.

Subject to covenants, easements and restrictions, if any, appearing in the public records.

9.  A foreclosure action styled as *JP Morgan Chase Bank, National Association v. Farhad Mehidzadeh, AKA Farhad Mehdizadeh, et al*. is pending in Cuyahoga County, Ohio, Docket No. CV-18-896882 ("State Court Action") with respect to the Bremerton Property.

10.  Upon information and belief, on October 29, 2018, the State Court Action was referred to the Cuyahoga County Court's Foreclosure Mediation Program, which effectively removed the matter from the foreclosure docket.  JP Morgan's Motion for Summary Judgment was ordered held in abeyance until further order of the court.  A foreclosure mediation hearing is scheduled for January 24, 2019.[1]

### Farhad Mehdizadeh's Use of Corporate Funds for Personal Expenses

11.  Farhad Mehdizadeh is the only officer of MBDI.

12.  Farhad Mehdizadeh is the registered agent of MBDI.

---

[1] Upon information and belief, the United States believes that JP Morgan Chase Bank and Farhad Mehdizadeh will both agree to permit the Bremerton Property to be sold through this action.

13. Upon information and belief, Farhad Mehdizadeh failed to observe corporate formalities while operating MBDI and failed to maintain the corporation as a financial entity separate from himself.

14. Farhad Mehdizadeh failed to balance MBDI's books and records and regularly withdrew funds from MBDI's PNC bank account in order to pay his personal expenses.

15. Farhad Mehdizadeh received minimal payroll checks from MBDI, while liberally withdrawing funds from the company's bank accounts and depositing them into his personal account.

16. For example, between February, 2015 and October 27, 2015, Farhad Mehdizadeh received only $1,719.67 in payroll from MBDI, and during that same period caused MBDI to write checks to him totaling $146,985.97.

17. On September 3, 2015, Farhad Mehdizadeh purchased the Clarence Property (in his name) in a cash transaction for $240,000 using funds drawn on his personal bank account as well as funds of MBDI.

18. From February 4, 2015 to August 31, 2015, the date the warranty deed for the Clarence Property was executed in favor of Farhad Mehdizadeh, Farhad Mehdizadeh deposited checks from MBDI into his personal account totaling $125,500 which he used towards the purchase of the Clarence Property.  Farhad Mehdizadeh withdrew the remaining $114,500 of the $240,000 purchase price for the Clarence Property from his personal PNC bank account.

19. On or about August 31, 2015, Farhad Mehdizadeh advised the IRS that he could not afford to pay his personal tax liabilities, and requested additional time to make a payment.

20. On or about September 21, 2015, Farhad Mehdizadeh made a payment of $14,500 towards Trust Fund Recovery Penalties assessed against him, and on October 27, 2015 withdrew $14,000 in MBDI funds to reimburse his personal account for the payment.

**Count I: Reduce to Judgment Unpaid Federal Income Tax Liabilities of Farhad Mehdizadeh**

21. The United States incorporates paragraphs 1 through 20, above.

22. On the following dates, a delegate of the Secretary of the United States made the following assessments against Farhad Mehdizadeh for federal income taxes, penalties, and interest, for the following periods, and in the following amounts, which have balances due with accruals and costs as of $36,782.88, as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Type | Assessment Amount | Unpaid Balance | NFTL Filed |
|---|---|---|---|---|---|---|
| 1040 | 2007 | 11/24/2008 | Tax | $17,295.00 | $17,438.74 | 9/22/2015 |
| | | 11/24/2008 | Failure to pre-pay penalty | $787.00 | | |
| | | 11/24/2008 | Late filing penalty | $3,891.37 | | |
| | | 11/24/2008 | Late payment penalty | $455.32 | | |
| | | 11/24/2008 | Interest | $495.67 | | |
| | | 12/01/2008 | Interest | $102.42 | | |
| | | 12/01/2008 | Late payment penalty | $61.47 | | |
| | | 9/10/2012 | Late payment penalty | $1,617.72 | | |
| | | 12/31/2012 | Additional tax assessed | $1,593.00 | | |
| | | 9/9/2013 | Interest | $2,903.40 | | |
| | | 9/9/2013 | Late payment penalty | $63.72 | | |
| | | 9/8/2014 | Interest | $457.28 | | |
| | | 9/8/2014 | Late payment penalty | $95.28 | | |
| | | 11/20/2017 | Interest | $1,856.78 | | |
| | | 11/20/2017 | Late payment penalty | $238.95 | | |
| 1040 | 2008 | 11/23/2009 | Tax | $12,805.00 | $19,344.14 | 9/22/2015 |
| | | 11/23/2009 | Failure to pre-pay penalty | $412.00 | | |
| | | 11/23/2009 | Late payment penalty | $492.20 | | |
| | | 11/23/2009 | Interest | $307.51 | | |
| | | 9/10/2012 | Late payment penalty | $1,161.53 | | |
| | | 9/9/2013 | Interest | $1,707.44 | | |
| | | 9/9/2013 | Late payment penalty | $648.30 | | |
| | | 9/8/2014 | Interest | $472.96 | | |
| | | 9/8/2014 | Late payment penalty | $459.22 | | |
| | | 11/20/2017 | Interest | $1,963.30 | | |

23. A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax liabilities described in paragraph 22 above, to, and made demand for payment upon defendant Farhad Mehdizadeh.

24. Despite such notice and demand, Fahad Mehdizadeh has neglected, failed, or refused to pay fully the liabilities described in paragraph 22 above, and, after the application of all abatements, payments, accruals, costs, and credits, the defendant Farhad Mehdizadeh remains liable to the United States in the amount of $36,782.88, plus statutory additions including interest from and after November 19, 2018.

**Count II: Reduce to Judgment Unpaid Corporate Tax Liabilities of MBDI**

25. The United States incorporates paragraphs 1 through 20, above.

26. On the following dates, a delegate of the Secretary of the United States made the following assessments against MBDI for liabilities associated with (a) withheld income and Federal Insurance Contributions Act taxes, and the employer's portion of the FICA, all reportable on IRS Form 941; (b) liabilities associated with corporate federal income tax liabilities reportable on Form 1120; (c) Federal Unemployment Tax Act taxes (FUTA) reportable on Form 940, penalties, and interest, and (d) penalties for failing to file correct informational returns pursuant to 26 U.S.C. § 6721, for the following periods, and in the following amounts, which have balances due with accruals and costs as of November 19, 2018, as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Type | Assessment Amount | Unpaid Balance | NFTL Filed |
|---|---|---|---|---|---|---|
| 941 | March 31, 2009 | 12/23/2013 | Tax | $8,563.01 | $2,629.40 | 3/5/2018 |
| | | 12/23/2013 | Late filing penalty | $1,926.68 | | |
| | | 12/23/2013 | Tax deposit penalty | $856.29 | | |
| | | 12/23/2013 | Late payment penalty | $2,140.75 | | |
| | | 12/23/2013 | Interest | $1,834.82 | | |
| | | 2/3/2014 | Tax deposit penalty | $428.15 | | |
| | | 10/31/2016 | Interest | $1,237.07 | | |
| | | 11/13/2017 | Interest | $101.75 | | |
| 941 | March 31, 2010 | 12/23/2013 | Tax | $8,563.01 | $10,552.65 | 3/5/2018 |
| | | 12/23/2013 | Late filing penalty | $1,926.68 | | |
| | | 12/23/2013 | Tax deposit penalty | $856.29 | | |
| | | 12/23/2013 | Late payment penalty | $1,883.86 | | |
| | | 12/23/2013 | Interest | $1,351.60 | | |
| | | 2/3/2014 | Tax deposit penalty | $428.15 | | |
| | | 10/31/2016 | Interest | $1,166.15 | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | 10/31/2016 | Late payment penalty | $256.89 | | |
| | | 11/13/2017 | Interest | $408.34 | | |
| 941 | December 31, 2010 | 12/23/2013 | Tax | $8,563.01 | $9,724.12 | 3/5/2018 |
| | | 12/23/2013 | Late filing penalty | $1,926.68 | | |
| | | 12/23/2013 | Late payment penalty | $1,498.53 | | |
| | | 12/23/2013 | Interest | $1,008.58 | | |
| | | 10/31/2016 | Interest | $1,015.62 | | |
| | | 10/31/2016 | Late payment penalty | $642.22 | | |
| | | 11/13/2017 | Interest | $376.28 | | |
| 941 | September 30, 2011 | 11/24/2014 | Tax | $8,426.99 | $17,073.46 | 3/5/2018 |
| | | 11/24/2014 | Late filing penalty | $1,896.07 | | |
| | | 11/24/2014 | Tax deposit penalty | $842.70 | | |
| | | 11/24/2014 | Late payment penalty | $1,558.99 | | |
| | | 11/24/2014 | Interest | $994.42 | | |
| | | 12/29/2014 | Tax deposit penalty | $421.35 | | |
| | | 10/31/2016 | Interest | $932.03 | | |
| | | 10/31/2016 | Penalty | $547.75 | | |
| | | 11/13/2017 | Interest | $660.66 | | |
| 941 | December 31, 2011 | 11/24/2014 | Tax | $5,912.26 | $11,896.06 | 3/5/2018 |
| | | 11/24/2014 | Late filing penalty | $1,330.26 | | |
| | | 11/24/2014 | Tax deposit penalty | $591.22 | | |
| | | 11/24/2014 | Late payment penalty | $1,005.08 | | |
| | | 11/24/2014 | Interest | $637.92 | | |
| | | 12/29/2014 | Tax deposit penalty | $295.61 | | |
| | | 10/31/2016 | Interest | $643.79 | | |
| | | 10/31/2016 | Late payment penalty | $472.99 | | |
| | | 11/13/2017 | Interest | $460.32 | | |
| 941 | March 31, 2013 | 11/17/2014 | Tax | $7,856.98 | $13,949.14 | 3/5/2018 |
| | | 11/17/2014 | Late filing penalty | $1,767.82 | | |
| | | 11/17/2014 | Late payment penalty | $746.41 | | |
| | | 11/17/2014 | Interest | $458.32 | | |
| | | 10/31/2016 | Interest | $721.06 | | |
| | | 10/31/2016 | Late payment penalty | $1,217.84 | | |
| | | 11/13/2017 | Interest | $539.76 | | |
| 941 | June 30, 2013 | 11/17/2014 | Tax | $7,856.98 | $15,224.02 | 3/5/2018 |
| | | 11/17/2014 | Late filing penalty | $1,767.82 | | |
| | | 11/17/2014 | Tax deposit penalty | $785.70 | | |
| | | 11/17/2014 | Late payment penalty | $628.56 | | |
| | | 11/17/2014 | Interest | $382.35 | | |
| | | 12/22/2014 | Tax deposit penalty | $392.85 | | |
| | | 10/31/2016 | Interest | $785.44 | | |
| | | 10/31/2016 | Late payment penalty | $1,335.68 | | |
| | | 11/13/2017 | Interest | $589.10 | | |
| 941 | September 30, 2013 | 11/17/2014 | Tax | $7,856.98 | $15,127.59 | 3/5/2018 |
| | | 11/17/2014 | Late filing penalty | $1,767.82 | | |
| | | 11/17/2014 | Tax deposit penalty | $785.70 | | |
| | | 11/17/2014 | Late payment penalty | $510.70 | | |

| | | 11/17/2014 | Interest | $306.98 | | |
| | | 12/22/2014 | Tax deposit penalty | $392.85 | | |
| | | 10/31/2016 | Interest | $772.55 | | |
| | | 10/31/2016 | Late payment penalty | $1,453.55 | | |
| | | 11/13/2017 | Interest | $585.37 | | |
| 941 | December 31, 2013 | 11/17/2014 | Tax | $7,856.98 | $15,031.83 | 3/5/2018 |
| | | 11/17/2014 | Late filing penalty | $1,767.82 | | |
| | | 11/17/2014 | Tax deposit penalty | $785.70 | | |
| | | 11/17/2014 | Late payment penalty | $392.85 | | |
| | | 11/17/2014 | Interest | $232.16 | | |
| | | 12/22/2014 | Tax deposit penalty | $392.85 | | |
| | | 10/31/2016 | Interest | $759.73 | | |
| | | 10/31/2016 | Late payment penalty | $1,571.39 | | |
| | | 11/13/2017 | Interest | $581.66 | | |
| 941 | March 31, 2014 | 6/30/2014 | Tax | $10,412.50 | $787.74 | 3/5/2018 |
| | | 6/30/2014 | Late payment penalty | $104.12 | | |
| | | 6/30/2014 | Interest | $52.33 | | |
| | | 2/9/2015 | Late payment penalty | $76.42 | | |
| | | 10/31/2016 | Interest | $172.74 | | |
| | | 10/31/2016 | Late payment penalty | $748.33 | | |
| | | 11/13/2017 | Interest | $30.48 | | |
| | | 11/12/2018 | Interest | $35.44 | | |
| 941 | June 30, 2014 | 2/15/2016 | Tax | $13,079.34 | $24,611.00 | 3/5/2018 |
| | | 2/15/2016 | Late filing penalty | $2,942.85 | | |
| | | 2/15/2016 | Tax deposit penalty | $1,307.93 | | |
| | | 2/15/2016 | Late payment penalty | $1,242.54 | | |
| | | 2/15/2016 | Interest | $760.01 | | |
| | | 3/21/2016 | Tax deposit penalty | $653.97 | | |
| | | 3/21/2016 | Late payment penalty | $65.39 | | |
| | | 3/21/2016 | Interest | $55.54 | | |
| | | 10/31/2016 | Interest | $492.79 | | |
| | | 10/31/2016 | Late payment penalty | $915.55 | | |
| | | 11/13/2017 | Interest | $909.88 | | |
| | | 11/13/2017 | Late payment penalty | $1,046.35 | | |
| 941 | September 30, 2014 | 2/15/2016 | Tax | $11,154.03 | $15,451.24 | 3/5/2018 |
| | | 2/15/2016 | Late filing penalty | $1,839.96 | | |
| | | 2/15/2016 | Tax deposit penalty | $966.58 | | |
| | | 2/15/2016 | Late payment penalty | $654.21 | | |
| | | 2/15/2016 | Interest | $396.14 | | |
| | | 3/21/2016 | Tax deposit penalty | $408.88 | | |
| | | 3/21/2016 | Late payment penalty | $40.89 | | |
| | | 3/21/2016 | Interest | $34.57 | | |
| | | 10/31/2016 | Interest | $306.74 | | |
| | | 10/31/2016 | Late payment penalty | $572.43 | | |
| | | 11/13/2017 | Interest | $566.37 | | |
| | | 11/13/2017 | Late payment penalty | $776.88 | | |

| 941 | March 30, 2015 | 6/29/2015 | Tax | $13,637.18 | $5,315.85 | 3/5/2018 |
|---|---|---|---|---|---|---|
| | | 6/29/2015 | Tax Deposit penalty | $1,363.71 | | |
| | | 6/29/2015 | Late payment penalty | $136.37 | | |
| | | 6/29/2015 | Interest | $67.42 | | |
| | | 8/3/2015 | Tax deposit penalty | $500.64 | | |
| | | 8/3/2015 | Interest | $136.37 | | |
| | | 8/3/2015 | Process hearing | $43.80 | | |
| | | 10/31/2016 | Interest | $708.86 | | |
| | | 10/31/2016 | Late payment penalty | $1,841.02 | | |
| | | 8/3/2015 | Tax deposit penalty | $181.22 | | |
| | | 11/13/2017 | Interest | $90.99 | | |
| | | 11/13/2017 | Late payment penalty | $83.44 | | |
| 6721 Penalty | December 31, 2010 | 8/5/2013 | Penalty | $1,541.80 | $1,892.99 | 3/5/2018 |
| 6721 Penalty | December 31, 2014 | 11/27/2017 | Penalty | $21,546.91 | $22,558.32 | 3/5/2018 |
| 1120 | June 30, 2008 | 5/11/2009 | Tax | $9,677.00 | $1,731.46 | 3/5/2018 |
| | | 5/11/2009 | Pre-payment penalty | $207.00 | | |
| | | 5/11/2009 | Late payment penalty | $212.07 | | |
| | | 5/11/2009 | Interest | $167.32 | | |
| | | 8/3/2009 | Late Payment penalty | $23.39 | | |
| | | 8/3/2009 | Interest | $19.93 | | |
| | | 11/17/2014 | Additional tax | $4,626.00 | | |
| | | 11/17/2014 | Interest | $1,117.22 | | |
| | | 10/31/2016 | Interest | $382.42 | | |
| | | 10/31/2016 | Late payment penalty | $945.74 | | |
| | | 11/13/2017 | Interest | $103.59 | | |
| | | 11/13/2017 | Late payment penalty | $42.04 | | |
| 1120 | June 30, 2011 | 5/2/2016 | Tax | $14,317.00 | $26,784.66 | 3/5/2018 |
| | | 5/2/2016 | Pre-payment penalty | $110.00 | | |
| | | 5/2/2016 | Late filing penalty | $3,221.32 | | |
| | | 5/2/2016 | Late payment penalty | $3,579.25 | | |
| | | 5/2/2016 | Interest | $2,582.23 | | |
| | | 6/6/2016 | Pre-payment penalty | $217.90 | | |
| | | 6/6/2016 | Interest | $91.25 | | |
| | | 11/13/2017 | Interest | $1,426.98 | | |
| 1120 | June 30, 2012 | 11/17/2014 | Tax | $6,794.00 | $39,745.01 | 3/5/2018 |
| | | 11/17/2014 | Pre-payment penalty | $123.53 | | |
| | | 11/17/2014 | Late filing penalty | $1,528.65 | | |
| | | 11/17/2014 | Late Payment penalty | $917.19 | | |
| | | 11/17/2014 | Interest | $536.23 | | |
| | | 3/9/2015 | Additional tax assessed | $15,017.00 | | |
| | | 3/9/2015 | Late filing penalty | $3,754.25 | | |
| | | 3/9/2015 | Late payment penalty | $101.91 | | |
| | | 3/9/2015 | Interest | $1,480.90 | | |
| | | 10/31/2016 | Interest | $1,719.02 | | |
| | | 10/31/2016 | Late payment penalty | $3,607.71 | | |

9

| | | 11/13/2017 | Interest | $1,504.44 | | |
| | | 11/13/2017 | Late payment penalty | $825.93 | | |
| 1120 | December 31, 2013 | 12/29/2014 | Tax | $18,562.00 | $32,569.98 | 3/5/2018 |
| | | 12/29/2014 | Pre-payment penalty | $334.89 | | |
| | | 12/29/2014 | Late filing penalty | $4,176.45 | | |
| | | 12/29/2014 | Late payment penalty | $928.10 | | |
| | | 12/29/2014 | Interest | $546.56 | | |
| | | 10/31/2016 | Interest | $1,544.72 | | |
| | | 10/31/2016 | Late payment penalty | $3,712.40 | | |
| | | 11/13/2017 | Interest | $1,260.30 | | |
| | | 11/12/2018 | Interest | $1,465.34 | | |
| 1120 | June 30, 2014 | 11/17/2014 | Tax | $18,562.00 | $28,194.26 | 3/5/2018 |
| | | 11/17/2014 | Pre-payment penalty | $337.56 | | |
| | | 11/17/2014 | Late filing penalty | $835.29 | | |
| | | 11/17/2014 | Late payment penalty | $278.43 | | |
| | | 11/17/2014 | Interest | $100.70 | | |
| | | 10/31/2016 | Interest | $1,339.26 | | |
| | | 10/31/2016 | Late payment penalty | $4,176.45 | | |
| | | 11/13/2017 | Interest | $1,083.45 | | |
| | | 11/13/2017 | Late payment penalty | $185.62 | | |
| 940 | 2010 | 12/23/2013 | Tax | $337.70 | $641.28 | 3/5/2018 |
| | | 12/23/2013 | Late filing penalty | $75.98 | | |
| | | 12/23/2013 | Late payment penalty | $59.10 | | |
| | | 12/23/2013 | Interest | $39.77 | | |
| | | 10/31/2016 | Interest | $49.11 | | |
| | | 10/31/2016 | Late payment penalty | $25.33 | | |
| | | 11/13/2017 | Interest | $24.82 | | |
| 940 | 2011 | 11/24/2014 | Tax | $229.60 | $421.87 | 3/5/2018 |
| | | 12/29/2014 | Late filing penalty | $51.66 | | |
| | | 12/29/2014 | Late payment penalty | $40.18 | | |
| | | 12/29/2014 | Interest | $25.65 | | |
| | | 10/31/2016 | Interest | $21.84 | | |
| | | 10/31/2016 | Late payment penalty | $17.22 | | |
| | | 11/13/2017 | Interest | $16.32 | | |
| 940 | 2014 | 4/27/2015 | Tax | $756.00 | $3,001.01 | 3/5/2018 |
| | | 6/26/2017 | Additional Tax Assessed | $2,268.00 | | |
| | | 6/26/2017 | Interest | $199.62 | | |

27. A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax liabilities described in paragraph 26, above, to, and made demand for payment upon defendant MBDI.

28. Despite such notice and demand, MBDI has neglected, failed, or refused to pay fully the liabilities described in paragraph 26, above, and, after the application of all abatements, payments, accruals, costs, and credits, the defendant MBDI remains liable to the United States in the amount of $314,914.94, plus statutory additions including interest from and after November 19, 2018.

**Count III: Judgment against Farhad Mehdizadeh for the Tax Liabilities of MBDI**

29. The United States incorporates paragraphs 1 through 28, above.

30. Farhad Mehdizadeh, by using corporate funds for personal purposes, has caused MBDI to fail to retain sufficient assets to pay the taxes it incurs while operating the business for his benefit, and therefore he should be held liable for its tax liabilities under the doctrine of piercing the corporate veil.

31. Additionally or alternatively, MBDI is the instrumentality and/or alter ego of Farhad Mehdizadeh and he should be held liable for its tax debts.

32. Additionally or in the further alternative, Farhad Mehdizadeh received corporate funds subject to the tax liens against MBDI that arose on assessment and demand, and should be held liable to the United States for tortious conversion of the liens and/or under the doctrines of restitution or money had and received.

33. A delegate of the Secretary of the Treasury recorded Notices of Federal Tax Liens with the Cuyahoga County Recorder of Deeds on or about March 5, 2018 against "Farhad Mehdizadeh, as Alter Ego of Marble Builder Direct AKA Marble Builder Direct International, Inc."

34. The special alter ego liens were filed in order to give record notice of the position of the United States that Farhad Mehdizadeh is the alter ego of MBDI, and he is therefore liable for the federal tax liabilities of MBDI, with the consequence that the liens for the liabilities of MBDI

have attached to all property and rights to property of Farhad Mehdizadeh and will continue to attach to all after- acquired property of Farhad Mehdizadeh.

35. Pursuant to 26 U.S.C. § 7402(a), the United States is entitled to judgment that Farhad Mehdizadeh is personally liable for the federal tax liabilities of MBDI because he is the alter ego of MBDI.

**Count IV: Reduce to Judgment Unpaid Trust Fund Recovery Penalties of Farhad Mehdizadeh (Alternative to Count III)**

36. The United States incorporates paragraphs 1 through 20, above.

37. For the tax periods set forth in the table below, a delegate of the Secretary of the Treasury made assessments against Farhad Mehdizadeh, pursuant to 26 U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service the trust fund portion of federal income taxes and Federal Income Contributions Act (FICA) taxes that were withheld from the wages of the employees of MBDI, and who willfully failed to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the following tax periods in the following amounts, which have balances due after accounting for all costs, fees, accruals, payments, credits, and abatements as of November 19, 2018, as follows:

| Tax Type | Tax Period | Assessment Date | Assessment Type | Assessment Amount | Unpaid Balance | NFTL Filed |
|---|---|---|---|---|---|---|
| 6672 | December 31, 2010 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $6,707.28 $152.30 | $1,158.35 | 9/22/2015 |
| 6672 | September 30, 2011 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $5,691.60 $542.85 | $6,529.71 | 9/22/2015 |
| 6672 | December 31, 2011 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $3,206.93 $305.87 | $3,679.16 | 9/22/2015 |
| 6672 | March 30, 2013 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $5,679.96 $541.75 | $6,516.35 | 9/22/2015 |
| 6672 | June 30, 2013 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $5,679.96 $541.75 | $6,516.35 | 9/22/2015 |

| 6672 | September 30, 2013 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $5,679.96 $541.75 | $6,516.35 | 9/22/2015 |
| 6672 | December 31, 2013 | 5/25/2015 11/20/2017 | Miscellaneous Penalty Interest | $5,679.96 $541.75 | $6,516.35 | 9/22/2015 |
| 6672 | June 30, 2014 | 8/1/2016 11/20/2017 | Miscellaneous Penalty Interest | $9,388.90 $502.63 | $10,368.35 | 10/28/2016 |
| 6672 | September 30, 2014 | 8/1/2016 11/20/2017 | Miscellaneous Penalty Interest | $7,940.29 $424.79 | $8,761.24 | 10/28/2016 |
| 6672 | March 30, 2015 | 8/1/2016 11/20/2017 | Miscellaneous Penalty Interest | $9,292.19 $178.55 | $3,682.65 | 10/28/2016 |

38. A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax liabilities described in paragraph 37 above, to, and made demand for payment upon defendant Farhad Mehdizadeh.

39. Despite such notice and demand, Fahad Mehdizadeh has neglected, failed, or refused to pay fully the liabilities described in paragraph 37 above, and, after the application of all abatements, payments, accruals, costs, and credits, the defendant Farhad Mehdizadeh remains liable to the United States in the amount of $60,244.86, plus statutory additions including interest from and after November 19, 2018.  This liability is partially duplicative of the corporate tax liability in Count II above and, therefore, this liability may only be collected or enforced as a lien if the United States does not prevail under Count III (or fully collect against the corporation under Count II).

**Count V: Enforcement of Federal Tax Liens Against the Bremerton Property**

40. The United States reincorporates paragraphs 1 through 39, above.

41. By warranty deed dated August 24, 2007, and recorded October 3, 2007, the Bremerton Property was conveyed to Farhad Mehdizadeh by Instrument Number 200710030777.

42. As a result of the neglect, failure, or refusal by defendants Farhad Mehdizadeh and MBDI to pay the liabilities described in Counts I, II and IV, above, federal tax liens in the amounts of the assessments, plus statutory accruals, arose pursuant to the provisions of 26 U.S.C. §§ 6321

13

and 6322, and, attached, as of the dates of the assessments, to all property and rights to property belonging to Farhad Mehdizadeh and MBDI, then in existence or thereafter acquired, including the Bremerton Property.

43. The federal tax liens associated with the respective liabilities of MBDI and of Farhad Mehdizadeh attached to and remain on the Bremerton Property.

44. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Bremerton Property, to have the Bremerton Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to JPMorgan Chase Bank, National Association for its mortgage and then to the United States, or as otherwise determined by the Court in accordance with the law.[2]

**Count VI: Enforcement of Federal Tax Liens Against the Clarence Property (If Necessary)**

45. The United States reincorporates paragraphs 1 through 39, above.

46. By warranty deed dated August 31, 2015, and recorded September 3, 2015, the Clarence Property was conveyed to Farhad Mehdizadeh by Instrument Number 201509030505.

47. As a result of the neglect, failure, or refusal by defendants Farhad Mehdizadeh and MBDI to pay the liabilities described in Counts I, II and IV above, federal tax liens in the amounts of the assessments, plus statutory accruals, arose pursuant to the provisions of 26 U.S.C. §§ 6321 and 6322, and, attached, as of the dates of the assessments, to all property and rights to property belonging to Farhad Mehdizadeh and MBDI, then in existence or thereafter acquired, including

---

[2] The United States anticipates moving the Court to appoint a real estate agent as a receiver to enforce the tax liens under 26 U.S.C. § 7403(d).  The United States frequently uses this method to extract market value from residential properties with the real estate agents agreeing to be compensated as receivers based on their customary commissions.

the Clarence Property.  In the alternative, if Farhad Mehdizadeh is determined not to be liable for all of MBDI's tax debts under Count III above, the federal tax liens for the corporation's tax debts attached to the Clarence Property to the extent that corporate funds subject to said liens were transferred to Farhad Mehdizadeh and used to purchase the Clarence Property.

48. The federal tax liens associated with the respective liabilities of MBDI and of Farhad Mehdizadeh attached to and remain on the Clarence Property.

49. To the extent the proceeds realized by the United States from the sale of the Bremerton Property are not sufficient to fully satisfy the liabilities described above, pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Clarence Property, to have the Clarence Property sold at a judicial sale free and clear of all rights, titles, claims, liens, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6) to the United States, or as otherwise determined by the Court in accordance with the law.

WHEREFORE, the Plaintiff United States of America respectfully requests the Court grant the following relief:

A. Judgment in favor of Plaintiff United States of America and against Defendant Farhad Mehdizadeh, for unpaid tax liabilities associated with federal income taxes reportable on Internal Revenue Service Form 1040 for the tax years ending 2007 and 2008 in the amount of $36,782.88, plus statutory additions from and after November 19, 2018 including pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

B. Judgment in favor of Plaintiff United States of America and against Defendant MBDI, for unpaid tax liabilities associated with federal unemployment taxes reportable on Internal Revenue Service Form 940 for the tax periods 2010, 2011, and

2014, in the amount of $4,064.16, plus statutory interest and other additions according to law from and after November 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c).

C.  Judgment in favor of Plaintiff United States of America and against MBDI, for unpaid tax liabilities associated with federal employment taxes reportable on Internal Revenue Service Form 941 for the quarterly tax periods ending March 31, 2009; March 31, 2010; December 31, 2010; September 30, 2011; December 31, 2011; March 31, 2013; June 30, 2013; September 30, 2013; December 31, 2013; March 31, 2014; June 30, 2014; September 30, 2014; and March 30, 2015, in the amount of $157,374.10, plus statutory interest and other additions according to law from and after November 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

D.  Judgment in favor of Plaintiff United States of America and against Defendant MBDI, for unpaid tax liabilities associated with federal income taxes reportable on Internal Revenue Service Form 1120 for the quarterly tax periods ending June 30, 2008; June 30, 2011; June 30, 2012; December 31, 2013; and June 30, 2014 in the amount of $129,025.37, plus statutory interest and other additions according to law from and after November 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

E.  Judgment in favor of Plaintiff United States of America and against Defendant MBDI, for unpaid federal tax penalties for filing inaccurate information returns assessed pursuant to 26 U.S.C. § 6721 for the tax periods ending December 31, 2010 and December 31, 2014, in the amount of $24,451.31, plus statutory interest and other

additions according to law from and after November 19, 2018, including interest pursuant to 26 §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

F.  Judgment in favor of Plaintiff United States of America and against Farhad Mehdizadeh for all of the federal tax liabilities of MBDI in the amount of $314,914.94, plus statutory additions including interest from and after November 19, 2018;

G.  Should the court deny the relief requested in paragraph F, then the Court should grant judgment in favor of the Plaintiff United States of America and against the Defendant Farhad Mehdizadeh for unpaid trust fund recovery penalties he incurred as a result of his failure to collect, truthfully account for and pay over to the United States the trust fund portion of federal income and FICA taxes withheld from the wages of the employees of MBDI, for the quarterly periods ending December 31, 2010; September 30, 2011; December 31, 2011; March 30, 2013; June 30, 2013; September 30, 2013; December 31, 2013; June 30, 2014; September 31, 2014; and March 30, 2015, in the amount of $60,244.86, plus statutory additions from and after November 19, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c);

H.  Enforce the federal tax liens associated with Defendants Farhad Mehdizadeh and MBDI's federal tax obligations against the Bremerton Property, and sell the Bremerton Property free and clear of all rights, titles, claims, liens, and interests of the parties to this action, including any rights of redemption, with the proceeds to be distributed to the United States after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6);

I.  To the extent the liabilities of Farhad Mehdizadeh and MBDI's liabilities are not fully

satisfied from the proceeds of the sale of the Bremerton Property, enforce the federal

tax liens associated with Defendant MBDI's federal tax obligations against the

Clarence Property, and sell the Clarence Property free and clear of all rights, titles,

claims, liens, and interests of the parties to this action, including any rights of

redemption, with the proceeds to be distributed to the United States after the payment

of the costs of sale and any real estate taxes due and owing under 26 U.S.C. §

6323(b)(6); and

J.  Award the United States of America such other and further relief as the Court may

deem just and proper.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Mary A. Stallings*
MARY A. STALLINGS
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55 - Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-2604
Fax: (202) 514-5238
Email:  Mary.A.Stallings@usdoj.gov

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government
Plaintiff
- ❏ 2   U.S. Government
Defendant
- ❏ 3   Federal Question
*(U.S. Government Not a Party)*
- ❏ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only) and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>& Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>❏ 153 Recovery of Overpayment<br>of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>Liability<br>❏ 320 Assault, Libel &<br>Slander<br>❏ 330 Federal Employers'<br>Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>Product Liability<br>❏ 360 Other Personal<br>Injury<br>❏ 362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>❏ 365 Personal Injury -<br>Product Liability<br>❏ 367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>❏ 368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>Property Damage<br>❏ 385 Property Damage<br>Product Liability | ❏ 625 Drug Related Seizure<br>of Property 21 USC 881<br>❏ 690 Other | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>28 USC 157<br><br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 835 Patent - Abbreviated<br>New Drug Application<br>❏ 840 Trademark | ❏ 375 False Claims Act<br>❏ 376 Qui Tam (31 USC<br>3729(a))<br>❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 850 Securities/Commodities/<br>Exchange<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts<br>❏ 893 Environmental Matters<br>❏ 895 Freedom of Information<br>Act |
| | | | **LABOR**<br>❏ 710 Fair Labor Standards<br>Act<br>❏ 720 Labor/Management<br>Relations<br>❏ 740 Railway Labor Act<br>❏ 751 Family and Medical<br>Leave Act<br>❏ 790 Other Labor Litigation<br>❏ 791 Employee Retirement<br>Income Security Act | **SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g)) | |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 440 Other Civil Rights<br>❏ 441 Voting<br>❏ 442 Employment<br>❏ 443 Housing/<br>Accommodations<br>❏ 445 Amer. w/Disabilities -<br>Employment<br>❏ 446 Amer. w/Disabilities -<br>Other<br>❏ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>❏ 463 Alien Detainee<br>❏ 510 Motions to Vacate<br>Sentence<br>❏ 530 General<br>❏ 535 Death Penalty<br>**Other:**<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition<br>❏ 560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>❏ 462 Naturalization Application<br>❏ 465 Other Immigration<br>Actions | **FEDERAL TAX SUITS**<br>❏ 870 Taxes (U.S. Plaintiff<br>or Defendant)<br>❏ 871 IRS—Third Party<br>26 USC 7609 | ❏ 896 Arbitration<br>❏ 899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>❏ 950 Constitutionality of<br>State Statutes |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ❏ 1   Original
Proceeding
- ❏ 2   Removed from
State Court
- ❏ 3   Remanded from
Appellate Court
- ❏ 4   Reinstated or
Reopened
- ❏ 5   Transferred from
Another District
*(specify)*
- ❏ 6   Multidistrict
Litigation -
Transfer
- ❏ 8   Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

**VII. REQUESTED IN
COMPLAINT:**

❏ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

**VIII. RELATED CASE(S)
IF ANY**

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

**I.**     Civil Categories: (Please check  _one category only_).

    1. ☐     General Civil
    2. ☐     Administrative Review/Social Security
    3. ☐     Habeas Corpus Death Penalty

*If under Title 28, §2255, name the SENTENCING JUDGE: _____

                                    CASE NUMBER: _____

**II.**     **RELATED OR REFILED CASES.**  See LR 3.1 which provides in pertinent part: "If an action is filed or removed to this Court and assigned to a District Judge after which it is discontinued, dismissed or remanded to a State court, and subsequently refiled, it shall be assigned to the same Judge who received the initial case assignment without regard for the place of holding court in which the case was refiled.  Counsel or a party without counsel shall be responsible for bringing such cases to the attention of the Court by responding to the questions included on the Civil Cover Sheet."

    This action:     is **RELATED** to another  **PENDING** civil case       is a **REFILED** case        was **PREVIOUSLY REMANDED**

**If applicable, please indicate on page 1 in section VIII, the name of the Judge and case number.**

**III.**     In accordance with Local Civil Rule **3.8**, actions involving counties in the Eastern Division shall be filed at any of  the divisional offices therein.  Actions involving counties in the Western Division shall be filed at the Toledo office. For the purpose of determining the proper division, and for statistical reasons, the following information is requested.

        ANSWER ONE PARAGRAPH ONLY. ANSWER PARAGRAPHS 1 THRU 3 IN ORDER.  UPON FINDING WHICH PARAGRAPH APPLIES TO YOUR CASE, ANSWER IT AND STOP.

        (1)     **Resident defendant.** If the defendant resides in a county within this district, please set forth the name of such county
        **COUNTY:**
        Corporation **For the purpose of answering the above, a corporation is deemed to be a resident of that county in which it has its principal place of business in that district.**

        (2)     **Non-Resident defendant.** If no defendant is a resident of a county in this district, please set forth the county wherein the cause of action arose or the event complained of occurred.
        **COUNTY:**

        (3)     **Other Cases**. If no defendant is a resident of this district, or if the defendant is a corporation not having a principle place of business within the district, and the cause of action arose or the event complained of occurred outside this district, please set forth the county of the plaintiff's residence.
        **COUNTY:**

**IV.**     The Counties in the Northern District of Ohio are divided into divisions as shown below.  After the county is determined in Section **III**, please check the appropriate division.

**EASTERN DIVISION**

    ☐     **AKRON**             **(Counties: Carroll, Holmes, Portage, Stark, Summit, Tuscarawas and Wayne)**
    ☐     **CLEVELAND**         **(Counties: Ashland, Ashtabula, Crawford, Cuyahoga, Geauga, Lake,**
                                          **Lorain, Medina and Richland)**
    ☐     **YOUNGSTOWN**        **(Counties: Columbiana, Mahoning and Trumbull)**

**WESTERN DIVISION**

    ☐     **TOLEDO**            **(Counties: Allen, Auglaize, Defiance, Erie, Fulton, Hancock, Hardin, Henry,**
                                           **Huron, Lucas, Marion, Mercer, Ottawa, Paulding, Putnam, Sandusky, Seneca**
                                           **VanWert, Williams, Wood and Wyandot)**

Case: 1:18-cv-02718  Doc #: 1-1  Filed: 11/21/18  3 of 3.  PageID #: 21

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.    Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.